WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | |
| ) | CR 08-1356 TUC DCB (BVP) |
| v. ) | |
| ) | **O R D E R** |
| Jose Figueroa-Segura, ) | |
| Defendant, ) | |

On April 9, 2009, Magistrate Judge Velasco issued a Report and Recommendation in regard to Defendant's Motion to Suppress all evidence obtained after the illegal stop and arrest of the Defendant. Judge Velasco recommends granting the Motion to Suppress to exclude Defendant's statements, but allowing the use of the fingerprints evidence at trial.

Magistrate Judge Velasco found the search and seizure of Defendant was illegal because it was not based on particularized suspicion. Instead, the commercial shuttle the Defendant was riding in was stopped simply because it was traveling on I-19, a smuggling route, during a shift change, and commercial shuttles are often used by illegal aliens. Defendant was asked and answered questions before and after waiving his *Miranda* rights. Judge Velasco recommends suppressing all the statements because they are the fruit of an illegal stop. He does not recommend suppressing Defendant's fingerprints because they are not testimonial and, even if suppressed, the Government could simply move for Defendant's physical characteristics (fingerprints) to acquire them. (Report & Recommendation at 3.)

The only objection to Judge Velasco's Report and Recommendation was filed by Defendant. He objects to the admission of the fingerprints. Fingerprints taken for "investigatory purposes" may be suppressed, *United State v. Garcia Beltran*, 443 F.3d 1126 (9th

1 Cir. 2006); *United States v. Mendoza-Carrillo*, 107 F. Supp. 2d 1098 (S.Dak. 2000). Here, the
2 fingerprints "were taken for the purpose of identifying the suspect and to determine if he has
3 a criminal record or immigration record." (Defendant's Objection at 1-2.) They were therefore
4 taken for investigatory purposes and should be suppressed. *Id.* at 2.

## STANDARD OF REVIEW AND CONCLUSION

6 The duties of the district court in connection with a Report and Recommendation of a
7 Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28
8 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the
9 findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C.
10 § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the
11 [district] court shall make a de novo determination of those portions of the [Report and
12 Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,*
13 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not
14 review the Report and Recommendation de novo. *Wang v. Masaitis,* 416 F.3d 992, 1000 n.
15 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en
16 banc).

17 Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to
18 the Report and Recommendation. Defendant filed an objection. The Government did not.
19 Any objections not raised by the Government are waived and will not be addressed by the
20 Court. *See* 28 U.S.C. § 636(b)(1)(A) (objections are waived if they are not filed within ten
21 days of service of the Report and Recommendation); *see also*, *Britt v. Simi Valley Unified*
22 *School Dist.,* 708 F.2d 452, 454 (9th Cir. 1983) *overruled on other grounds*, *Reyna-Tapia*,
23 328 F.3d at 1121-22.

24 /////
25 /////
26 /////
27 /////

- 2 -

1  After a full and independent, *de novo*, review of the record related to the objection
2  from the Defendant, the Magistrate Judge's Report and Recommendation is accepted and
3  adopted as the findings of fact and conclusions of law of this Court.[1]  As there is no
4  objection to excluding the statements, the Court grants the Defendant's Motion to Suppress
5  to exclude his statements.[2]

6  The sole question before this Court is the Magistrate Judge's recommendation that
7  the Motion to Suppress be denied as to the fingerprint evidence.   The Court denies in part
8  and grants in part the Defendant's Motion to Suppress the fingerprint evidence.

9  The Court grants in part the Motion to Suppress Defendant's first set of fingerprints
10  as there is some evidence that the fingerprints were taken as part of the investigation into
11  whether or not Defendant was an illegal alien.  *See* (Transcript[3] at 37) (explaining that until
12  fingerprinted, "all we know at that point is that we suspect they're illegal"); *United States v.*
13  *Ortiz-Hernandez*, 427 F.3d 567 (9th Cir. 2005) (finding first set of fingerprints needed to be
14  suppressed as investigatory where suspect was illegally arrested for dealing drugs,
15  fingerprinting identifying the suspect revealed he was an alien illegally in the country and
16  led to his indictment under 8 U.S.C. § 1326).

17  The Court denies in part the Motion to Suppress all fingerprint evidence.  The
18  Government may use fingerprint evidence to establish the Defendant's identity at trial.
19  Even where investigatory fingerprints are suppressed as a result of an illegal arrest, the
20  Government may move the Court to Order the Defendant to produce a set of fingerprint
21  exemplars for use at trial.  *United States v. Beltran*, 443 F.3d 1126, 576-577, 578 (9th Cir.
22  2005) (citing *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); (further citations omitted)

---

[1] Unless different from the Magistrate Judge's findings of fact, the Court relies on the citation of the record contained in the Report and Recommendation. The Court equally relies on the law as properly stated by the Magistrate Judge.

[2] The Government sought clarification by motion in limine regarding Defendant's name. The Court will allow the statement by Defendant as to his name because agents asked the Defendant his name to establish his identity, not for an investigatory purpose.

[3] Motion to Suppress Hearing held on March 18, 2009.

- 3 -

(admittedly limiting the theoretical effect of suppressing the initial set of wrongfully obtained fingerprints).

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objection, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (document 15) is GRANTED in part and denied in part as follows:

1. Defendant's statements are suppressed, except for his stated name.
2. Defendant's first set of fingerprints are suppressed.

DATED this 20th day of April, 2009.

David C. Bury
United States District Judge

- 4 -